UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKE FOREST PLAZA, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7950** |
| **WESTCHESTER SURPLUS LINES INSURANCE CO. ET AL.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Lake Forest Plaza, L.L.C.'s motion to remand is **GRANTED**, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana. (Document #7.)

### I. BACKGROUND

Lake Forest Plaza, L.L.C. (Lake Forest) filed a petition for damages against Westchester Surplus Lines Insurance Company(Westchester), Pat Leboeuf Insurance, Inc., and Pat LeBoeuf (the LeBoeuf defendants) in Civil District Court for the Parish of Orleans, State of Louisiana. Lake Forest sustained physical and structural damage to its property as a result of Hurricane Katrina and the levee breaches and reported the damage to Westchester.[1] On September 11,

---

[1] The property was insured for $13,588,000 under a policy that was effective from February 7, 2005 through February 7, 2006.

2005, Lake Forest filed its preliminary wind damage claim that had been prepared by a public adjuster, Jansen International.  On June 23, 2006, Westchester issued a check for partial payment of the claim in the amount of $1,525,000.  On July 11, 2006, Lake Forest made formal demand for covered wind damages in the amount of $12,424,937.01.  Westchester has not paid the claim.

Lake Forest alleges that Westchester failed to pay the claim timely.  It further alleges that the LeBoeuf defendants, who have served as Lake Forest's insurance agents for several years, failed to disclose that the policy had a 90% co-insurance clause or to explain how the co-insurance penalty operated.  As a result, actual coverage is significantly less than the $13,500,000 that Lake Forest requested.

Westchester removed the case to federal court pursuant to 28 U.S.C. § 1441(e),[2] asserting that at least two of the "Katrina" lawsuits pending against Westchester in the Eastern District could have been brought under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA).[3]  Lake Forest filed a motion to remand the case to state court.

---

[2]   28 U.S.C. § 1441(e)(1)(B) provides:
[A] defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

[3]   Section 1369 provides in relevant part:
(a) **In general**.-  The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a

## II. DISCUSSION

### A. Legal standard

As courts of limited jurisdiction, federal courts may adjudicate a case or controversy only if there is both constitutional and statutory authority for federal jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 114 S.Ct. 1673, 1675 (1994). Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The burden of establishing federal jurisdiction rests on the party asserting jurisdiction. <u>Kokkonen</u>, 114 S.Ct. At 1675.

### B. Jurisdiction under the MMTJA

Lake Forest contends that the court lacks jurisdiction under § 1369 of the MMTJA and § 1441(e)(1)(B). Lake Forest argues that Hurricane Katrina is not an accident within the meaning of § 1369, and this case concerns a state law claim regarding coverage for damage sustained

---

discrete location if–
    (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
    (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
    (3) substantial parts of the accident took place in different States.

(b) **Limitation of jurisdiction of district courts.–**The district court shall abstain from hearing any civil action described in subsection (a) in which–
    (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
    (2) the claims asserted will be governed primarily by the laws of that State.

because of Hurricane Katrina.

The MMTJA "streamline[s] the process by which multidistrict litigation governing disasters are adjudicated." H.R.Conf.Rep. 107-685, §11020, 202 U.S.C.C.A.N. 1120 (2002). "The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties." 23 Rev. Litig. 177 at 5 (2004). "The change to minimal diversity in class actions aims to promote the purposes of the class action device:  fairness, uniformity, efficiency, and manageability in mass litigation." Id. at 4.  The intended scope of minimal diversity is to reach a "very narrowly defined category of cases." Id. at 5.

This is not the type of multi-plaintiff/multi-defendant case contemplated by the MMTJA. This case involves the provisions of an insurance policy issued by Westchester to its Louisiana insured, the timeliness of the insurer's payment under the policy, and the duty of the insurance agent to procure adequate coverage.  Even if the cause of action arose because of damage as a result of Hurricane Katrina, the cause of action is not based on the accident, but on coverage under the insurance contract.

Moreover,  "piggyback" removal under § 1441(e)(1)(B) is not proper solely because Westchester is the defendant in other actions pending in federal court.  Westchester presents no authority to support piggyback removal based on § 1369 jurisdiction in a case unrelated to Lake Forest's claims against Westchester.

### III. CONCLUSION

Accordingly, the court lacks jurisdiction under th MMTJA or § 1441(e)(1)(B), and the

4

case is remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this   22nd  day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**